# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEDRANO, | CASE NO. 1:07-CV-00524-LJO-DLB PC |
|        Plaintiff, | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
|   v. | |
| KINGS COUNTY JAIL & SHERIFF DEPARTMENT, | (Doc. 1) |
|        Defendants. | |
| _____ / | |

I.      Screening Order

    A.      Screening Requirement

Plaintiff, David Medrano ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 4, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
3  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5  Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss
7  a complaint only if it is clear that no relief could be granted under any set of facts that could be
8  proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will
9  ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.
10 Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but
11 that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v.
12 Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)
13 ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting
14 Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard .
15 . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).
16 "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim
17 that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.
18 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19  B.   Plaintiff's Claims

20  The events at issue in the instant action allegedly occurred at the Kings County Jail in
21 Hanford, California, where plaintiff was incarcerated at the time. Plaintiff names the Kings County
22 Jail and Sheriff Department, and others whose names he does not know and needs discovery to
23 ascertain as defendants and alleges that they violated his civil rights under the Eighth Amendment.
24 Plaintiff seeks monetary, compensatory, and punitive damages.

25  Plaintiff's allegations appear to relate to medical care that he received subsequent to a slip
26 and fall accident. Based on the allegations in plaintiff's complaint, he may be able to plead some
27 claims for relief under section 1983. However, as plead, plaintiff's complaint does not state any
28 claims that rise to the level of constitutional violations.

1    The court will provide plaintiff with the opportunity to file an amended complaint that

2    complies with Rule 8(a), names the individual defendant actors, and sets forth as to each defendant,

3    what action that defendant took or failed to take and why.  In the subsections that follow, the court

4    will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be

5    applicable.  Plaintiff should utilize the legal standards provided in this order for guidance when filing

6    his amended complaint.

7                    1.      Named Defendants

8    Plaintiff has failed to name any individuals as defendants in this action, rather he has only

9    named a county jail and a sheriff's department.

10   A local government unit may not be held responsible for the acts of its employees under a

11   respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691

12   (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290

13   F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts

14   the injury complained of.  Gibson, 290 F.3d at 1185.

15   Generally, a claim against a local government unit for municipal or county liability requires

16   an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the

17   constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.

18   2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult

19   to prove, municipal liability may be imposed where the local government unit's omission led to the

20   constitutional violation by its employee.  Gibson at 1186.  Under this route to municipal liability, the

21   "plaintiff must show that the municipality's deliberate indifference led to its omission and that the

22   omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference

23   requires a showing "that the municipality was on actual or constructive notice that its omissions

24   would likely result in a constitutional violation."  Id.  If plaintiff feels that the county jail and

25   sheriff's department are the true defendants as to his claims, plaintiff has failed to show:  a deliberate

26   policy, custom, or practice was the moving force behind the constitutional violation(s) he allegedly

27   suffered; or that omission by either the county jail or sheriff's department led to any constitutional

28   violation by an employee and that deliberate indifference (notice) led to the omission and that the

1    omission led to an employee committing a constitutional violation.  It appears, however, that the

2    more viable route for plaintiff would be to name the individual persons whom he feels violated his

3    civil rights in relation to the medical care referred vaguely to in his complaint.

4                    2.        Plaintiff's Eighth Amendment Medical Care Claims

5            The Civil Rights Act under which this action was filed provides:

6                    Every person who, under color of [state law] . . . subjects, or causes
                     to be subjected, any citizen of the United States . . . to the deprivation
7                    of any rights, privileges, or immunities secured by the Constitution .
                     . . shall be liable to the party injured in an action at law, suit in equity,
8                    or other proper proceeding for redress.

9    42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

10   Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

11   (internal quotations omitted.)  Section 1983 plainly requires that there be an actual connection or link

12   between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.

13   See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

14   (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning

15   of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits

16   to perform an act which [that person] is legally required to do that causes the deprivation of which

17   complaint is made.'"  Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v.

18   Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established

19   not only by some kind of direct, personal participation in the deprivation, but also be setting in

20   motion a series of acts by others which the actor knows or reasonably should know would cause

21   others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

22           To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

23   conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452

24   U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an

25   Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

26   civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

27   indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

28   v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in

                                                    4

1   a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

2   inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

3   be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

4   or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

5   1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

6   1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,

7   the delay must have led to further harm in order for the prisoner to make a claim of deliberate

8   indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.

9   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

10          Plaintiff alleges that he "was treated by the medical staff and deputy's that were involved

11   with [d]eliberate [i]ndifference by not giving me proper medical treatment."

12          "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this

13   standard, the prison official must not only 'be aware of the facts from which the inference could be

14   drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

15   Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the

16   risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

17   risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

18          Plaintiff's allegations do not support a claim that defendants "[knew] of and disregard[ed]

19   an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.  Plaintiff's claim, fails to state

20   any facts as to the medical care that he questions, and fails to state the names of the actual

21   individuals who provided him with such care.  Plaintiff has failed to sufficiently state a claim which

22   rises to the level  of an Eighth Amendment violation.  Plaintiff is reminded that mere medical

23   negligence is insufficient to state a claim under section 1983.

24          Plaintiff is cautioned that in his amended complaint, he must clearly identify what actions

25   or omissions led to the violation of his rights and which defendants were responsible for the acts or

26   omissions.

27   ///

28   ///

1      C.      Conclusion

2          Plaintiff's complaint does not state any claims upon which relief may be granted under

3   section 1983.  The court will provide plaintiff with the opportunity to file an amended complaint,

4   if plaintiff wishes to do so.

5          In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

6   15-220 requires that an amended complaint be complete in itself without reference to any prior

7   pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux

8   v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

9   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

10  original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

11         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

12  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

13  625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

14  defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

15  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

16  Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

17  588 F.2d 740, 743 (9th Cir. 1978).

18         Based on the foregoing, it is HEREBY ORDERED that:

19      1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

20      2.      Within **thirty (30) days** from the date of service of this order, plaintiff must file an

21              amended complaint curing the deficiencies identified by the court in this order;  or

22      3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to

23              obey a court order.

24    IT IS SO ORDERED.

25    Dated:    **December 12, 2007**              **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE
26

27

28